COMMONWEALTH *vs.* IRVING HERMAN.

Suffolk.    October 19, 1925. — October 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Criminal,* Conduct of trial: assistance to district attorney by
counsel for complaining witness.

It is not reversible error for the judge presiding at the trial of a complaint
for assault and battery to refuse to require removal from the enclosure
occupied by the district attorney during the trial of counsel for the
complaining witness who, while sitting there, talked with the district
attorney, held whispered consultations with witnesses called for the
Commonwealth, and gave to the district attorney the kind of assistance
a police officer familiar with the facts commonly gives.
It is proper to refuse to permit the defendant's counsel, at the trial above
described, to ask the counsel for the complaining witness, called by him
to testify, whether he was paid by the complaining witness and whether
he sat in the enclosure at the request of the district attorney.

COMPLAINT, received and sworn to in the Municipal Court
for the Dorchester District on October 10, 1924, charging
the defendant with assault and battery on John F. Welch.

On appeal to the Superior Court, there was a trial before
*Stone,* J., a judge of a district court sitting in the Superior
Court under Sts. 1923, c. 469; 1924, c. 485.   The questions,
asked of Mr. Brady and excluded by the trial judge as stated
in the last sentence of the opinion, were: "Are you paid by
the Kane Furniture Company for sitting here?"   "Did you sit
here at the request of the district attorney?"   Other material
evidence and exceptions saved by the defendant are de-
scribed in the opinion.   The defendant was found guilty and
alleged exceptions.

The case was submitted on briefs.

*H. M. Lichtenstein,* for the defendant.

*M. Caro,* Assistant District Attorney, for the Common-
wealth.

BY THE COURT.   This is a petition to establish the truth
of exceptions.   It is assumed in favor of the defendant that

on the facts reported by the commissioner the exceptions ought to be established. The case is treated on that footing.

The defendant was charged with assault and battery. The person alleged to have been assaulted was a constable qualified to serve civil process and he was at the time serving a writ of replevin wherein the Kane Furniture Company was plaintiff. An attorney at law, Mr. Grady, was present at the trial, and was a part of the time within the enclosure occupied by the assistant district attorney who tried the case, and talked with him and showed him notes of testimony and held whispered consultations with witnesses called by the Commonwealth. He gave to the assistant district attorney the kind of assistance that a police officer familiar with the facts commonly affords. When the case opened, the assistant district attorney, who tried the case without previous preparation, and the trial counsel for the defendant believed Mr. Grady to be such an officer. Later counsel for the defendant, on learning the facts, stated to the trial judge that Mr. Grady was attorney for the Kane Furniture Company and objected to his actions and asked that he be removed from the enclosure occupied by the assistant district attorney.

There was no reversible error in the overruling of this objection and the denial of this request. It is plain that the entire control and conduct of the case was exclusively in the hands of the assistant district attorney. He simply availed himself of an obvious source of information needed for the presentation of the case to the court and jury. The case at bar does not go so far as *Commonwealth* v. *Williams,* 2 Cush. 582, 585, and *Commonwealth* v. *Scott,* 123 Mass. 222, 233, and cases more or less similar where assistance has been rendered to the prosecuting officer by other members of the bar, with approval of the court. The facts show no violation of G. L. c. 12, §§ 20, 29, 30. There was no error in the exclusion of questions put to Mr. Grady by the defendant.

*Exceptions overruled.*